## SWIKEHARD *vs.* RUSSELL.

In an action upon a promissory note, the answer alleged a want of consideration for the note, and that it was procured by fraudulent representations on the part of the plaintiff. The consideration of the note was the sale or assignment, by the plaintiff to the defendant, of an interest in a receipt for *distiller's yeast*, owned by the plaintiff. The representations alleged and proved to be false were, that the receipt was a *distiller's* receipt, which the plaintiff had obtained from a German distiller; that it was valuable as a receipt for distilling yeast; and that the plaintiff had tried it, and found it to work admirably, &c.; whereas the yeast made from it was simply a yeast for making bread, and was practically useless and worthless. *Held*, that the representation that the receipt was a *distiller's* receipt, and had been used by a German distiller, was material, in view of the purpose for which the defendant wanted it, and the use which the plaintiff well knew he designed to make of it.

*Held, also*, that it was a question for the jury whether the representation tended to enhance the value of the receipt, and induced the contract between the parties. And that it was erroneous to charge that "there was no proof of the falsity of any of the material representations made by the plaintiff."

*Held, further*, that it was error to take the case from the jury on the ground that the yeast made from the receipt was tested, by the defendant, in his distillery, before the agreement was made; it being a question of fact whether he made the purchase upon his own judgment in respect to the qualities of the yeast, or in reliance, in whole or in part, upon the representations proved.

That the defendant, by experimenting with the receipt after being informed of the falsity of the representations, did not waive the defence set up in his answer.

A PPEAL, by the defendant, from a judgment entered upon a verdict.

Swikehard *v.* Russell.

*By the Court*, E. DARWIN SMITH, J.    This is an appeal from a judgment entered on the verdict of a jury, rendered at the circuit under the directions of the judge. The action was on a promissory note given by the defendant, Calvin Russell, to the plaintiff, George B. Swikehard, the consideration for which was the sale or assignment by the plaintiff to the defendant of an interest in a receipt for *distiller's* yeast, owned by plaintiff. The answer alleges a want of consideration for said note, and also that the same was procured by fraudulent representations on the part of the plaintiff in regard to the value and origin of said receipt.    As the action is between the original parties, the note is subject to all equities between them.    It appears by the testimony of the defendant, which is not controverted, that a short time previous to the giving of said note and the assignment or sale of said receipt, the plaintiff represented to the defendant that he, the said plaintiff, was the owner of a distiller's receipt, which he had obtained from a German distiller, in Rochester, and which he considered valuable as a receipt for distiller's yeast; that this distiller of whom he obtained it claimed that it was a receipt that had been in his family for years, and that he had never given it to any other person than the plaintiff, and that the plaintiff had tried and found it to work admirably; that the plaintiff proposed to the defendant to try the yeast, in the defendant's distillery, and if it succeeded he would give the defendant a receipt for the same. The defendant tried it, with varying success, before the giving of the note, the plaintiff accounting for its partial failure by alleging mistakes in the manufacture of the yeast, but claiming it would do better, if properly made. On the 21st of April, 1870, the plaintiff and defendant met, and then the plaintiff proposed to sell the defendant an interest of one half in the receipt, and said to the defendant that then he would come and "show me up and get a perfect use of it, use it jointly, introduce

it into other distilleries,". &c.; said "there was a good
deal of talk about it, other parties wanted to buy it," &c.
At this time the note, and the assignment of one half of
the receipt were. given. *After the giving of the same,*
the plaintiff informed the defendant that he had deceived
the defendant, saying: "The truth is I lied to you
about the Rochester affair—this Rochester man; this
yeast is simply a yeast we have had and used in the
house for *making bread,* for a long time," &c.    The
representation that the receipt was a *distiller's* receipt
and had been used by a German distiller was primarily,
I think, a very material representation, in view of the
purpose for which the defendant wanted to procure it,
and the use which the plaintiff well knew he designed
to make of it.    It was evidence to the defendant that a
practical distiller had tested the yeast and found it val-
uable, and from the secrecy with which the materials of
its composition were kept he might be induced to believe
it of great value.    A receipt for producing a greater quan-
tity of high wines from grain than was produced by the
ordinary process would probably be of great value, and
would enable its possessor to realize a larger profit from
the same amount of grain than one not possessed of it.
There is, I should think, no probability that the defen-
dant would have purchased and agreed to pay $500 for
an ordinary receipt for making *housewife yeast.*    It
was a question for the jury whether the representations
to the defendant in respect to this receipt for yeast "that
it was a. German *distiller's* yeast, and had been used by
him for years" did tend to enhance the value of the re-
ceipt, and did induce the contract between the parties.
But it is urged that the defendant, by experimenting
with the receipt after being informed of the falsity of
the representations, waived this defence.    I think not.
He had already *given the note.*    He was willing to try
the receipt and see whether it was of value; and the
mere fact that he tried to make the best of a bad bar-

gain did not, I think, waive his right to set up the fraudulent representation made to him before and at the time of incurring the liability, as a defence to the note. The plaintiff had furnished him with yeast previous to giving him the note, but claimed that it was not properly made, and that if so made, as he agreed to make it, it would produce the desired result. The defendant tried the yeast, at intervals, until June 3d, 1870, and then abandoned it as useless. The defendant, at the time of giving the note, was ignorant of the ingredients of the yeast. Its composition was kept a secret from him, and an air of mystery thrown around it. He was led to believe that it was of great value, its composition unknown except to a few, and its results in distillation superior to other yeasts; and the statement that it was used by a German distiller was calculated to cause him to believe that the receipt was a scientific discovery which had been tested by a practical man. After his discovery of the falsity of these representations he did nothing to affirm the contract or deprive him of the right to avoid the contract for fraud, if such defence was otherwise available. If the representations made before the sale were *material*, as I think they were, the defendant was entitled to have the jury pass upon the question whether they formed the basis of the contract, or induced it. In this view I think the first part of the charge of the court, "that there was no proof of the falsity of any of the material representations made by the plaintiff" was not correct, and the exception to such charge well taken. I think also it was error to take the case from the jury on the ground that this yeast was tested by the defendant in his distillery before the agreement was made. The defendant, it is true, made certain tests of the yeast, as shown in the proof. But the evidence on this point should have been submitted to the jury. It was a question of fact, whether he made the purchase upon his own judgment in respect to the qual-

ities of the yeast, or in reliance in whole or in part upon the representations proved. Whether, in making sale of a thing that was practically useless and worthless, as the proof stands, and getting the defendant's note for $500 upon such sale, the plaintiff perpetrated a purposed fraud and deceit upon the defendant, or the latter was the victim of his own folly and misjudgment in making such trade, were questions which I think, upon the whole case, belonged to, and should have been submitted to, the jury. The judgment should therefore be reversed and a new trial granted, with costs to abide the event.

New trial granted.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, September 10, 1872. *Mullin, Talcott* and *E. D. Smith,* Justices.]